IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHRISTOPHER WILSON, et al., | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § CIVIL ACTION NO. G-06-407 |
| | § |
| DAVID A. FETTNER, et al., | § |
| | § |
| Defendants. | § |

**ORDER DENYING MOTION TO REMAND AND SUA SPONTE TRANSFERRING CASE TO THE HOUSTON DIVISION OF THE SOUTHERN DISTRICT OF TEXAS**

This lawsuit comes before the Court on removal from the County Court at Law No. 2 for Galveston County, Texas. On June 21, 2006, Defendant David A. Fettner ("Fettner") filed his Notice of Removal in this Court, alleging federal subject matter jurisdiction. *See* 28 U.S.C. § 1331. On July 7, 2006, Plaintiffs Christopher Wilson and Timothy Reifsteck (collectively "Plaintiffs" or "Aftermath") filed their Motion to Remand, alleging that procedural defects justified remand to the state court pursuant to 28 U.S.C. § 1447(c).[1] On For the reasons stated below, the Court respectfully **DENIES** Plaintiff's Motion to Remand, and **SUA SPONTE TRANSFERS** this case to the Houston Division of the Southern District of Texas.[2]

**I. BACKGROUND**

This case arises out of the death of Defendant Gurney F. Pearsall, Sr.'s ("Pearsall") brother,

---

[1]Plaintiffs actually claim that remand is appropriate pursuant to 28 U.S.C. § 1446. However, it is 28 U.S.C. § 1447(c) that provides for remand on the basis of "any defect other than lack of subject matter jurisdiction." Additionally, Plaintiffs Wilson and Reifsteck are the co-owners of Aftermath, Inc., an Illinois corporation.

[2]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Harold Pearsall, Sr. Pearsall's brother was found in his home seven to ten days after he died. After his body was discovered, it became apparent that remediation work would need to be performed. On March 25, 2004, Pearsall contacted Aftermath, a clean-up and recovery company that performs remediation services after unattended deaths, to perform the necessary remediation. Aftermath began its work on March 25, 2004, and completed the job within the week. On April 5, 2004, Aftermath submitted an invoice in the amount of $22,604.00 for services rendered. Aftermath alleges that Pearsall failed to pay the invoice, and originally brought suit for breach of contract and quantum meruit against Pearsall only.

Several months after it filed its original lawsuit in state court, Aftermath amended its Petition to bring claims against Defendants Fettner and Sharon M. Leal ("Leal"). On or about May 23, 2006, Aftermath discovered that its Texas charter for "Aftermath, Inc." had been mistakenly forfeited on or about February 10, 2006. While attempting to renew their charter, Aftermath discovered that on May 10, 2006, Fettner and Leal and filed a "Certificate of Formation of Aftermath, Inc. (A Corporation)" with the Secretary of State of Texas. Fettner is the attorney of record in this case for Pearsall. Prior to his representation of Pearsall, he represented Aftermath's claim against the Estate of Harold Pearsall, Sr. for the amount of the remediation invoice.

Aftermath claims that it has a federal trademark for the name "Aftermath," and that it has been doing business in Texas under the name "Aftermath, Inc." for a number of years. Aftermath alleges that Fettner and Leal willfully and intentionally interfered with its existing contracts and prospective business relationships in Texas. Aftermath further alleges that Fettner and Leal conspired to form "Aftermath, Inc." by unlawful means and in violation of its federal trademark, and that Fettner abused his attorney-client relationship with Aftermath to gain information regarding its forfeiture of its Texas charter. Aftermath now seeks damages, exemplary damages, and temporary and permanent injunctions against Fettner and Leal preventing them from conducting any business

or executing any contracts on behalf of "Aftermath, Inc."

## II.  MOTION TO REMAND

### A.  Legal Standard

The federal removal statute provides that "[e]xcept as otherwise expressly provided ... any civil action brought in a State court of which the district courts ... have original jurisdiction, may be removed by the *defendant or defendants*, to the district court ... for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  Both the Parties and the Court agree that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.[3]  Plaintiffs have alleged, among other claims, federal trademark violations arising under the Lanham Act.

Plaintiffs contend that this case should be remanded to the state court due to procedural defects in the Notice of Removal filed by Fettner.  28 U.S.C. § 1447(c) allows for remand on the basis of procedural or non-jurisdictional defects.  "[A] 'procedural' defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court...." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991).  Motions to remand on the basis of procedural defects must be made within 30 days after the filing of the notice of removal pursuant to 28 U.S.C. § 1446(a), otherwise such defects are deemed waived.  *See Baris*, 932 F.2d at 1544-45.  In this case, Plaintiffs timely filed their notice of removal.  The issue before the Court is whether their claimed procedural defect justifies remand.  Careful consideration of the Parties' motions and

---

[3]Generally, the existence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S. Ct. 96, 97–98, 81 L. Ed. 70 (1936)).

the relevant case law demonstrates that remand is not warranted in this case.

**B. Analysis**

To determine whether remand is warranted in this case, the Court must review the case's procedural history. On March 21, 2006, Aftermath, Inc. initially filed suit to recover against Pearsall for remediation services allegedly rendered to Pearsall following the death of his brother. On June 2, 2006, Aftermath filed its First Amended Petition and Application for Temporary and Permanent Injunction ("Amended Petition"), adding Christopher Wilson and Timothy Reifsteck as plaintiffs, and Fettner and Leal as defendants. The claims of the new Plaintiffs against the new Defendants included tortious interference with contracts and business relations, conspiracy, malice, fraud, and federal trademark violations under the Lanham Act. The Amended Petition alleged for the first time claims arising under this Court's subject matter jurisdiction. Pearsall and Leal were served with the amended Petition on June 12, 2006, and Fetter was served with the Amended Petition on June 21, 2006.

On June 14, 2006, at an oral hearing, the County Court judge noted on the docket sheet that causes of action were to be severed, and that the initial claims of Aftermath against Pearsall were to be abated per order to be signed. On June 20, 2006, Fettner filed a Notice of Removal as to those causes of action asserted against him individually, and referred to cause number 54, 654-B—the cause number of the yet-to-be-severed case. On June 21, 2006, another oral hearing was held before the County Court, and Fettner presented an Order of Severance and Abatement to be signed. Allegedly, the County Court declined to sign the order. On July 7, 2006, Plaintiffs filed their Motion to Remand on the ground that since the severance order was never signed, there was never a cause number 54-654-B, and thus nothing to remove.

On July 11, 2006, Fettner filed an Amended Notice of Removal, and included all causes of action and all Parties to the original lawsuit, since the County Court did not sign the severance order.

-4-

Both Leal and Pearsall have filed notice of their consent to the removal. Since the filing of the Amended Notice of Removal, Plaintiffs have offered no other basis for remand other than the alleged procedural defect of the failure of the County Court to sign the severance order.

"In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988). Fettner amended his Notice of Removal within 30 days from the date that Pearsall and Leal were served with the Amended Petition. It was the Amended Petition that first made this case removable and brought the case within this Court's federal subject matter jurisdiction. Plaintiffs have not provided any indication that the to-be-signed severance order in County Court had any effect on the removability of this case, or that the signing of the severance order would have created subject matter jurisdiction.

Therefore, the Court finds that this case was properly removed to this Court, and this Court has subject matter jurisdiction. Plaintiffs have not provided the Court with any other basis on which to remand this case. As such, Plaintiffs' Motion to Remand is respectfully **DENIED**.

## III. SUA SPONTE TRANSFER

During its analysis of this Motion, the Court found that this case has a far more substantial connection to the Houston Division of the Southern District of Texas, than the Galveston Division. First, the events giving rise to the original lawsuit in this case occurred in Houston, Texas. Pearsall's deceased brother was a resident of Houston, Texas, and it was at his brother's home that Aftermath performed its services. Second, the Estate of Pearsall's brother is being handled in County Probate Court No. 1, Harris County, Texas. Finally, Fettner's original representation of Aftermath and Pearsall occurred in Houston, in the County Probate Court, and his offices are located in Houston as well. The only apparent connection to Galveston is that Pearsall is a resident of this Division. The Court finds that the residents of this Division have far less of an interest in the outcome of this case

than do the residents of the Houston Division. Accordingly, the Court **SUA SPONTE TRANSFERS** this case to the Houston Division of the Southern District of Texas, and leaves to that Court any and all pending motions.

## IV. CONCLUSION

Because the Court has subject-matter jurisdiction, and because this case was properly removed, the Court respectfully **DENIES** Plaintiffs' Motion to Remand. However, the Court finds that this case has more substantial connections to Houston and that Houston would provide a more convenient venue. Accordingly, the Court **SUA SPONTE TRANSFERS** this case to the Houston Division of the Southern District of Texas. All other pending matters are left to the consideration of the transferee Court. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**

**DONE** this 3rd day of August, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge