UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILSON, *et al*, | § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-06-2594 |
| | § | |
| DAVID A FETTNER, *et al*, | § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

This case involves Plaintiffs' claims for breach of contract, quantum meruit, tortious interference with business relations, conspiracy, and trademark infringement. After Plaintiffs filed their First Amended Petition and Application for Temporary and Permanent Injunction in Texas state court, Defendants removed the case to federal court on the basis of federal question jurisdiction, arising from Plaintiffs' trademark infringement claim. At a hearing held on August 11, 2006, Plaintiffs' counsel represented to the Court that Plaintiffs would withdraw their allegation of trademark infringement against Defendants. Accordingly, the only claims remaining in this case are matters of state law.

The Supreme Court has recognized that a district court has "discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). In determining whether to retain jurisdiction over state claims, a court should consider judicial economy, convenience and fairness to the litigants, and comity with state courts. *Carnegie-Mellon*, 484 U.S. at 350; *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). When all claims based upon federal law are "eliminated at an early stage of the litigation, the district court has a powerful reason to choose not to continue to

exercise jurisdiction." *Parker & Parsley*, 972 F.2d at 585 (internal quotations omitted); *see also Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (recognizing the "wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims"); 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state] claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction.").

Here, Plaintiffs filed their First Amended Petition on June 2, 2006, and the case was removed to federal court on June 20, 2006, less than two months ago. No discovery appears to have been conducted by any party, and no scheduling order has been entered. No ruling has yet been made on Plaintiffs' pending Application for Preliminary Injunction or Defendant David Fettner's Motion to Dismiss. This case is at the very earliest of stages, and it would be inappropriate for the Court to retain jurisdiction over Plaintiffs' state law claims. Accordingly, the case is **REMANDED** to state court.

**IT IS SO ORDERED.**

**SIGNED** this _11th_ day of August, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT

2